J-S16045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN DEAN WENHOLD | : | |
| | : | |
| Appellant | : | No. 2831 EDA 2022 |

Appeal from the PCRA Order Entered October 6, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0001732-2018,
CP-39-CR-0003229-2019

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:              **FILED NOVEMBER 3, 2023**

Jordan  Dean  Wenhold  (Appellant)  appeals[1] *pro se* from  the  order

entered in the Lehigh County Court of Common Pleas dismissing his petition

---

[1] Preliminarily, we note Appellant submitted a single notice of appeal listing both Common Pleas docket numbers.  Under **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), an appellant is required to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket.  **See Walker**, 185 A.3d at 977, **overruled in part**, **Commonwealth v. Young**, 265 A.3d 462, 477, (Pa. 2021) (reaffirming **Walker**, but holding Pa.R.A.P. 902 permits appellate court to, in its discretion, allow correction of the error where appropriate).  However, quashal is not required where non-compliance with **Walker** results from a breakdown in the courts.  **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (declining to quash an appeal where the PCRA court mistakenly informed the petitioner he could file "a" notice of appeal when there were two trial dockets); **Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming **Stansbury** and holding we may overlook the requirements of **Walker** where a breakdown occurs in the court system and a defendant is misinformed of his appeal rights).

*(Footnote Continued Next Page)*

filed pursuant to the Post-Conviction Relief Act (PCRA).[2]  He seeks relief from

the 2019 judgment of sentence after pleading guilty at two separate dockets

to one count each of simple assault and harassment.[3]  For the following

reasons, we affirm.

Due to our disposition of this case, a detailed recitation of the underlying

facts is unnecessary.  Briefly, Appellant was completing a term of five years'

probation, imposed after he pled guilty to one count of statutory sexual

assault,[4] when he made death threats against his former probation officer,

Daniel Gallagher, on February 28, 2018.  **See** Affidavit of Probable Cause,

3/27/18 (unpaginated).  As a result of the probation violation, the trial court

held a **Gagnon II** hearing on March 21, 2018, where it sentenced Appellant

to a period of incarceration for 24 months less one day.[5]

---

Here, the PCRA court issued an order dismissing Appellant's petition, which stated he could appeal the decision by filing "a" notice of appeal. Appellant then filed a single notice of appeal listing two criminal docket numbers.  We conclude that this amounts to a breakdown in the courts as contemplated in **Stansbury**.  Thus, we decline to quash this appeal and continue with our review.

[2] 42 Pa.C.S. §§ 9541-9545.

[3] 18 Pa.C.S. §§ 2701(a)(1), 2709(a)(4).

[4] 18 Pa.C.S. § 3122.2(a)(1).  **See** Criminal Docket CP-39-CR-0000579-2013 (Docket 579), at 3.  This criminal matter is not before us.

[5] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).  **See also Commonwealth v. Ferguson**, 761 A.2d 613 (Pa. Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (**Gagnon I** hearing) of probable
*(Footnote Continued Next Page)*

Related to the incident with Officer Gallagher, Appellant was originally charged with one count of terroristic threats at Criminal Docket CP-39-CR-0001732-2018 (Docket 1732).[6] On July 31, 2018, he pleaded guilty to harassment at Docket 1732, and the trial court sentenced him to a term of 12 months' probation, which was to start on February 28, 2020, after completing his sentence at Docket 579.

On March 29, 2019, while still incarcerated at the Lehigh County Jail, Appellant was being "noncompliant" with correctional officers, acting out, and refusing to leave his cell. N.T., 9/23/19, at 8. During the incident, Lieutenant Brooke Loane was placing handcuffs on Appellant when he "bent forward . . . and bit down" on her left hand and "maintained the bite pressure . . . until she delivered a head stun to [Appellant] with her knee." *Id.* at 8-9. Lieutenant Loane's hand was bleeding and she sought medical attention. *Id.* at 9. Weeks later, the lieutenant still had a scar on her hand from the attack. *Id.*

As for the assault concerning Lieutenant Loane, Appellant was originally charged at Criminal Docket CP-39-CR-0003229-2019 (Docket 3229) with one count of aggravated assault.[7] On September 23, 2019, the trial court held a

cause to believe violation was committed; upon finding of probable cause, a second, more comprehensive hearing (*Gagnon II* hearing) follows before court makes final revocation decision).

[6] 18 Pa.C.S. § 2706.

[7] 18 Pa.C.S. § 2702(a)(3).

- 3 -

guilty plea, sentencing, and *Gagnon II* hearing on the matter. At the hearing, Appellant disputed, *inter alia*, the date of the incident, but admitted he was guilty of biting Lieutenant Loane. *See* N.T., 9/23/19, at 9-10. He also acknowledged that his conduct was a violation of his probation at Docket 1732. *Id.* at 10-11. Appellant then pleaded guilty to the amended count of simple assault at Docket 3229. *Id.* at 2, 5, 10. At the conclusion of the hearing, the trial court sentenced Appellant at Docket 3229 to a term of three to 12 months' incarceration to be served consecutively to his sentence at Docket 579. *Id.* at 15. The court then revoked Appellant's probation at Docket 1732 and resentenced him to a term of one-year probation to run consecutive to the sentence at Docket 3229. *Id.* at 16. Appellant asked the court to clarify his sentence, to which it responded: "[Y]ou now have a minimum of one year and a maximum of about three years[' incarceration,] plus five years of probation supervision. So you won't go up for consideration for parole until you've served 12 months. [T]he time that you spent here in custody will go towards that 12 months." *Id.* at 17-18. Relevant to this appeal, the court did not state Appellant's maximum release date from incarceration or the date he would complete probation at the proceeding.

Appellant did not file post-sentence motions or a direct appeal. Instead, he filed two PCRA petitions on July 8, 2020, and August 3rd.[8] On April 16,

_____

[8] Appellant initially filed his July 8, 2020, petition *pro se* and the PCRA court appointed counsel. Despite this, Appellant continued to file *pro se* documents,
*(Footnote Continued Next Page)*

2021, the PCRA court dismissed Appellant's August 3rd petition. He did not file an appeal.

On April 20, 2022, Appellant filed the present, *pro se* PCRA petition. The PCRA court appointed counsel, but shortly thereafter, counsel filed a motion to withdraw from representation and letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In counsel's ***Turner/Finley*** letter, he pointed out that Appellant was "not currently serving a sentence [at Dockets 1732 or 3229, and] therefore [he was] not eligible for [PCRA] relief." ***Turner/Finley*** Letter from Sean T. Poll, Esquire, to Appellant, 6/27/22, at 3 (unpaginated). On July 21, 2022, the PCRA court held a hearing on counsel's motion to withdraw, where counsel again stated Appellant was not serving a sentence. **See** N.T., 7/21/22, at 2. Appellant did not dispute that he completed his sentences at these dockets. Nonetheless, neither the court nor the parties stated when Appellant completed his incarceration, parole, and probation sentences. On August 29th, the court issued a Pa.R.Crim.P. 907 notice of dismissal and granted counsel's motion to withdraw. Appellant filed a document entitled, "Motion to Continu [*sic*] with Criminal Cases," which the court considered a Rule 907 response. On October 6, 2022, the court dismissed Appellant's petition.

_____

including what appears to be another copy of his July 8th PCRA petition on August 3rd.

Appellant filed this timely *pro se* appeal,[9] and on November 7, 2022, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). As of the date of this memorandum, Appellant has not filed a Rule 1925(b) statement.

Prior to conducting any substantive analysis, we must examine whether Appellant is eligible for relief under the PCRA. To be eligible, a petitioner must, *inter alia*, plead and prove one of the following by a preponderance of the evidence:

> 1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>>
>> (ii) awaiting execution of a sentence of death for the crime; [or is]
>>
>> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence . . .

42 Pa.C.S. § 9543(a)(1)(i)-(iii).

_____

[9] We note Appellant's *pro se* notice of appeal did not include the date of the order from which he was appealing. *See* Pa.R.A.P. 904(a) (governing the form of a notice of appeal); *Commonwealth v. Strong*, 825 A.2d 658, 667 (Pa. Super. 2003) (notice of appeal must include the correct date of the order from which an appeal is taken). However, Appellant did include the date of the order in his *pro se* criminal docketing statement. *See* Appellant's *Pro Se* Criminal Docketing Statement, 11/28/22, at 1 (unpaginated). The appeal docket has since been corrected to reflect the proper date of the order from which Appellant appeals.

Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief.

Here, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be **currently** serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is not currently serving such a sentence would be to ignore the language of the statute.

***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) (emphasis in original).

***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109 (Pa. Super. 2016) (emphasis in original). Consequently, courts lose jurisdiction over matters when a defendant's sentence expires. ***See Commonwealth v. Turner***, 80 A.3d 754, 769 (Pa. 2013).

While the record is devoid of any explicit mention of Appellant's official release date from custody or the completion date of any terms of parole or probation, the PCRA court, the Commonwealth, and Appellant's PCRA counsel each agree he has completed his sentences at these dockets. ***See*** Order, 8/29/22, n.1; N.T., 7/21/22, at 2-3; Commonwealth Brief at 10-11. At the July 21, 2022, PCRA hearing, the parties discussed the fact that Appellant was no longer serving a sentence for these criminal matters, and Appellant did not dispute that information. N.T., 7/21/22, at 2-3. In Attorney Poll's letter to Appellant, counsel again reminded Appellant that he had finished serving both his sentences at Dockets 1732 and 3229, and therefore, he was not eligible for relief. ***See Turner/Finley*** Letter from Sean T. Poll, Esquire, to Appellant, at 3. In its brief, the Commonwealth agreed that Appellant completed his

sentences at these dockets and Appellant has not disputed this averment. *See* Commonwealth Brief at 10-11. Thus, we conclude it is undisputed that he is no longer serving his sentence at the dockets *sub judice*. Accordingly, Appellant is not entitled to relief pursuant to Section 9543(a)(1)(i).

Additionally, even if Appellant were serving his sentences at these dockets, he would still not be entitled to relief as his present petition is untimely. The trial court sentenced Appellant on September 23, 2019. He did not file any post-sentence motions or a direct appeal. Thus, his judgment of sentence became final on October 23rd — 30 days after the imposition of his sentence. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of the order from which an appeal is taken); 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or at the expiration of time for seeking review). Appellant then generally had one year, or until October 23, 2020, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (PCRA petitions, including second or subsequent petitions, shall be filed within one year after a judgment of sentence becomes final unless petitioner pleads a timeliness exception). Appellant did not file the present petition until April 20, 2022 — approximately one and a half years after the deadline — and he did not invoke any of the PCRA's timeliness exceptions. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii) (if a petitioner can plead and prove their late filing was the product of governmental interference, the discovery of newly discovered evidence, or a newly recognized constitutional right which has been held to apply retroactively, a court may consider their

petition timely). As such, the PCRA court lacked jurisdiction to contemplate Appellant's purported claims. ***See Commonwealth v. Fowler***, 930 A.2d 586, 590-91 (Pa. Super. 2007) (PCRA timeliness requirements are mandatory and jurisdictional in nature).

Nevertheless, out of an abundance of caution and to ensure Appellant's rights are protected, we find that even if Appellant could have been eligible for PCRA relief because he was still serving his sentences at Dockets 1732 and 3229, no relief is due based on the following.

As mentioned above, Appellant never filed a concise statement with the PCRA court. Regarding Rule 1925(b) statements, it is well-settled:

> [A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). This Court [has] explained . . . that Pa.R.A.P. 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020) (some citations omitted). ***See also*** Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in concise statement and/or not raised in accordance with rule are waived); ***Commonwealth v. Parrish***, 273 A.3d 989, 1008 (Pa. 2022) (holding failure to raise a claim in accordance with Rule 1925(b)(4) amounts to "automatic" waiver of those claims).

Here, the PCRA court issued its Rule 1925(b) order on November 7, 2022. The order clearly stated that failure to comply with the court's directive would result in waiver. *See* Order, 11/7/22. The order reflects that it was mailed to Appellant at the address he indicated to the court he used for receiving mail. Nevertheless, Appellant has not filed a Rule 1925(b) statement and did not address waiver in his brief. As such, we conclude Appellant's issues are waived on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); **Parrish**, 273 A.3d at 1008.

Moreover, assuming *arguendo* Appellant had filed a timely Rule 1925(b) statement, he would not prevail due to submitting a deficient appellate brief. His *pro se* brief materially fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2111(a). The Rules mandate that a brief submitted by a party — whether counseled or *pro se* — "shall conform in all material respects with the requirements of [the] rules as nearly as the circumstances of the particular case will admit[.]" Pa.R.A.P. 2101. If the defects in the brief are substantial, "the appeal . . . may be quashed or dismissed." **Id.** Moreover, Rule 2111 sets forth the required sections in an appellate brief, including a statement of jurisdiction, the order on appeal, a statement of the scope and standard of review, a statement of the questions involved, a statement of the case, a summary of the argument, argument of the issues raised, and a conclusion. *See* Pa.R.A.P. 2111(a)(1)-(6), (8)-(9). Rules 2114 through 2119 provide further detail as to the information required in each section. *See* Pa.R.A.P. 2114-2119. Further,

- 10 -

"[w]hen issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Commonwealth v. Taylor*, 277 A.3d 577, 591 (Pa. Super. 2022) (citation omitted).

We reiterate that Appellant proceeded *pro se* in the underlying matter and continues to do so on appeal. Although this Court is willing to construe briefs filed by a *pro se* litigants liberally, "*pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). Indeed, we have observed, "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005). Furthermore, this Court "will not act as counsel and will not develop arguments on behalf of an appellant. [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (citation omitted).

Here, Appellant's brief fails to comply with Rule 2111 and related rules. Appellant either entirely omits or does not adequately include a statement of jurisdiction, reference to the order or other determination in question, statement of the scope and standard of review, statement of the questions involved, a statement of the case, a summary of the argument, supporting argument, or a conclusion identifying the relief sought. *See* Pa.R.A.P.

2111(a)(1)-(6), (8)-(9), 2114, 2115(a), 2116(a), 2117(a), 2118, 2119(a)-(e). Of particular concern is his failure to provide a statement of the questions involved, any argument to support a potential claim, or any citation to relevant authority. **See** Appellant's Brief at 1-4 (partially unpaginated). We cannot simply infer Appellant's claims from the limited information before us or develop arguments on his behalf. **See In re R.D.**, 44 A.3d at 674. Further, we emphasize:

> [T]he omission of a statement of questions presented is particularly grievous since the statement . . . defines the specific issues this [C]ourt is asked to review. When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that [the defendant's] brief is insufficient to allow us to conduct meaningful judicial review.

**Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citations omitted). **See also Commonwealth v. Maris**, 629 A.2d 1014, 1015-16 (Pa. Super. 1993) ("The rule requiring a statement of questions involved "is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."). Consequently, no relief would be due.

In sum, Appellant has completed his sentences at the above-captioned dockets, and therefore, he is not eligible for PCRA relief. **See** 42 Pa.C.S. §9543(a)(1)(i). Moreover, because Appellant has not filed a concise statement and we cannot discern any argument presented before us due to

his deficient brief, we have determined his purported claims are waived and he would not be entitled to relief on these bases as well. **See** Pa.R.A.P. 1925(b)(4)(vii), 2119(a); **Parrish**, 273 A.3d at 1008; **In re R.D.**, 44 A.3d at 674; **Butler**, 747 A.2d at 944.

Order affirmed.

Judge Dubow joins the Memorandum.

Judge Murray Concurs in the Result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/03/2023